IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 14-cv-02906-PAB-CBS

SYED SHARAF AHMAD,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

---

RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS

---

Magistrate Judge Shaffer

## INTRODUCTION

This matter comes before the court on the Motion to Dismiss [Doc. 17] filed by the United States ("Defendant"). The motion was referred to the Magistrate Judge by Order of Reference dated December 2, 2014. [Doc. 19]. Plaintiff filed a letter in response to the motion on March 16, 2015. [Doc. 24]. For the following reasons, the court recommends that Defendant's Motion to Dismiss be granted.

## BACKGROUND

Plaintiff filed a small claims "Notice, Claim and Summons to Appear for Trial" in Arapahoe County Court alleging $450.00 in damages against Linda Delancy, the Postmaster of the Tower Station in Centennial, Colorado. [Doc. 1-1]. The complaint alleged that Defendant Delancy sent Plaintiff's son's green card to Plaintiff's previous address "even after the Post Office was notified of [Plaintiff's] change in address." *Id*. Plaintiff further alleged that the green

card was lost and, consequently, he had to pay $450.00 to order a new card. *Id*. Defendant Delancy removed the action to this court on October 24, 2014. [Doc. 1]. Thereafter — because Defendant Delancy was acting in her official capacity at the time the alleged incidents occurred — the United States was substituted as the sole Defendant for all claims in the complaint. [*See* Doc. 6 (motion to substitute) and Doc. 10 (order granting motion to substitute)]. Defendant has now filed a motion to dismiss based on a lack of subject matter jurisdiction.[1] [Doc. 17].

## DISCUSSION

**A.   Standard of Review**

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). Pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction. The determination of a court's jurisdiction over subject matter is a question of law. *Madsen v. United States ex rel. U.S. Army, Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

A motion to dismiss for a lack of subject matter jurisdiction may take two forms. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). It may facially attack a complaint's

---

[1] On March 16, 2015, Plaintiff filed a one-page letter in response to the motion to dismiss. [Doc. 24]. In his response, Plaintiff does not address any of the jurisdictional arguments advanced by Defendant. Rather, Plaintiff simply states that his claim is not against the U.S. Postal Department, but is, instead, against the unnamed mail carrier who delivered the green card to the wrong address. *Id*. This argument is unavailing because the mail carrier, in delivering the mail, was undoubtedly acting within the scope of his or her employment. Thus, even if Plaintiff had named this mail carrier in his complaint, the proper defendant would still be the United States. *See* 28 U.S.C. § 2679(b)(1) (a suit against the United States is the exclusive remedy for claims for damages resulting from actions of federal employees taken within the scope of their employment).

allegations or it may challenge the facts upon which subject matter jurisdiction depends. *Id*. at 1002-1003.

> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id*. at 1003 (internal citations omitted); *see also Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

**B.     Exclusive Jurisdiction of the Postal Regulatory Commission**

Plaintiff's complaint has alleged a customer service related claim arising out of Defendant's alleged failure to deliver Plaintiff's son's green card to the proper address. [*See* Docs. 1-1 and 24]. The court, however, lacks jurisdiction to adjudicate this claim because a postal customer's exclusive remedy for unsatisfactory service lies with the Postal Regulatory Commission. As the United States Court of Federal Claims explained in *Naskar v. United States*, 82 Fed. Cl. 319 (2008):

> To the extent that plaintiff's claim could be construed as a service complaint against the United States, the Postal [Regulatory] Commission (the Commission) has exclusive jurisdiction over it. *See* 39 U.S.C. §3662 (2006); *LeMay v. United States Postal Serv.*, 450 F.3d 797, 801 (8th Cir. 2006) (holding that the Postal Rate Commission has exclusive jurisdiction over customer complaints of unsatisfactory service); *Shelby Res., Inc. v. United States Postal Serv.*, 619 F.Supp. 1546, 1548-49 (S.D.N.Y. 1985) (holding that a hearing by the Commission and potential review in a United States Court of Appeals is "the sole remedy for a user of postal services who is not receiving adequate service"). Section 3662 of Title 39 of the United States Code provides: "Any interested person . . .

> who believes the Postal Service is not operating in conformance with the requirements of the provisions of [the Postal Reorganization Act] may lodge a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe." 39 U.S.C. § 3662(a).

*Naskar*, 82 Fed. Cl. At 322 n.1; *see also Bovard v. U.S. Post Office*, 47 F.3d 1178 (10th Cir. 1995) (Table), 1995 WL 74678, at *1 (affirming that "[t]he language of section 3662 makes clear that a postal customer's remedy for unsatisfactory service lies with the Postal [Regulatory] Commission, and that Congress did not intend to create a private right of action for service complaints"). Accordingly, Plaintiff's action should be dismissed for lack of subject matter jurisdiction.

**C.     Sovereign Immunity**

The United States, as sovereign, may only be sued if it consents. *United States v. Dalm*, 494 U.S.596, 608 (1990). "Such waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute." *Fostvedt v. United States*, 978 F.2d 1201, 1202 (10th Cir. 1992). In the absence of a waiver, the court does not have jurisdiction over a plaintiff's suit against the United States. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484-85 (2006). "Under the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, the Postal Service is 'an independent establishment of the executive branch of the Government of the United States.'" *Id.* at 483-84. "Consistent with this status, the Postal Service enjoys federal sovereign immunity absent a waiver." *Id.* at 484.

In turn, the Federal Tort Claims Act (FTCA) — which applies to tort claims arising out of activities of the Postal Service — waives the federal government's immunity from tort suits. *See* 28 U.S.C. §§ 2671-80. However, the FTCA includes a number of exceptions, one of which pertains to postal operations, specifically "[a]ny claim arising out of the loss, miscarriage, or

negligent transmission of letters or postal matters." 28 U.S.C. § 2680(b). *See Dolan*, 546 U.S. at 487 (under § 2680(b), "mail is 'lost' if it is destroyed or misplaced and 'miscarried' if it goes to the wrong address"). And the Tenth Circuit has recognized that once items are delivered to the Postal Service, they become "postal matters" within the meaning of § 2680(b). *Georgacarakos v. United States*, 420 F.3d 1185, 1186 (10th Cir. 2005) (concluding that the plaintiff's claims fell within the waiver exception because "[o]nce mailed, the [lost] books and manuscript became 'postal matters'").

Here, Plaintiff alleges that Defendant "miscarried" his son's green card when it delivered the green card to the wrong address. *See Dolan*, 546 U.S. at 487. Assuming that Plaintiff's complaint could be construed as a tort under the FTCA, his claim would be subject to the exception in § 2680(b). Consequently, Plaintiff's claim is also barred by sovereign immunity.

**D.  Failure to Exhaust Administrative Remedies**

In an abundance of caution, Defendant also argues that Plaintiff has failed to exhaust his administrative remedies under the FTCA. *See* 28 U.S.C. § 2675(a) (an action "shall not be instituted upon a claim against the United States for money damages for . . . loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency"); *see also Barnes v. United States*, 776 F.3d 1134, 1139 (10th Cir. 2015) ("The administrative-exhaustion requirement applicable to FTCA claims 'bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.'") (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

As Defendant points out — and Plaintiff does not dispute — Plaintiff did not present an administrative claim seeking damages for the acts alleged in his complaint. *See* Declaration of Hal vonHedemann (Doc. 17-1 at ¶ 4). Therefore, this is a third basis for granting Defendant's motion to dismiss.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the court RECOMMENDS that Defendant's Motion to Dismiss [Doc. 17] be GRANTED and that this case be dismissed with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. Once Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the district court of the magistrate judge's proposed findings and recommendations and will result in waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve the issue for *de novo* review by the district court or appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 6th day of July, 2015.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge